UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **DOUGLAS P. MENIER** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **FOREST RIVER, INC.** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

<u>**COMPLAINT**</u>

I. Parties

1. Plaintiff, DOUGLAS P. MENIER, has been at all times material hereto a citizen of the state of Louisiana.

2. Defendant, FOREST RIVER, INC., hereinafter "FOREST RIVER," is an Indiana corporation with its principal place of business located in Indiana and a citizen of Indiana and is a warrantor of the RV that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

FOREST RIVER's agent for service of process is Darrel O Ritchie, 900 CR 1 N, Elkhart, Indiana 46514.

**II. Jurisdiction**

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's

-1-

state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

6. On October 12, 2020, Plaintiff purchased a new 2021 FOREST RIVER HERITAGE GLEN bearing VIN: 4X4FWBP26MV704413, hereinafter "HERITAGE GLEN," from PAW PAW CAMPER'S CITY. The HERITAGE GLEN was purchased primarily for Plaintiff's personal use in the State of Louisiana. The HERITAGE GLEN was licensed and registered in the State of Louisiana and PAW PAW CAMPER'S CITY paid Louisiana sales tax out of the sales proceeds.

7. The sales price of the HERITAGE GLEN was $53,761.18.

8. Plaintiff is also entitled to an award for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00. See ***Beasley v. Ed's MobileHomes, Inc.***, 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

#### B. Implied Warranties

9. As a result of the sale of the HERITAGE GLEN, an implied warranty of

merchantability arose in the transaction which included the guarantee that the HERITAGE GLEN would pass without objection in the trade under the contract description; and that the , was fit for the ordinary purpose for which such motor vehicles are purchased.

10. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work would and had been performed in a good and workmanlike manner.

### C. Express Warranties

11. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were also made, including, that any malfunction in the HERITAGE GLEN occurring during the first one year resulting from defects in material or workmanship would be repaired and that repair work on the HERITAGE GLEN had, in fact, repaired the defects.

12. Plaintiff's purchase of the HERITAGE GLEN was accompanied by express warranties offered by the Defendant and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff purchasing the HERITAGE GLEN and signing the contract for purchase of the HERITAGE GLEN.

13. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the Defendant's warranty booklet and owners manual.

### D. Actionable Conduct

14. In fact, when delivered, the HERITAGE GLEN was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the defects, non-conformities and conditions as follows:

> **A. FIVE SEPARATE TIMES FOR SLIDE-OUT DEFECTS;**
>
> **B. SLIDE-OUT WILL NOT OPEN OR CLOSE;**
>
> **C. HERITAGE GLEN HAS BEEN OUT OF SERVICE OVER NINETY DAYS; AND**
>
> **D. ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED IN REPAIR ORDERS AND IN THE EXPERT REPORT.**

15. Since purchase, Plaintiff has returned his HERITAGE GLEN to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which the Defendant was given the opportunity to repair the HERITAGE GLEN, the more significant and dangerous conditions were not repaired. The Defendant failed to repair the HERITAGE GLEN so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the HERITAGE GLEN continues to this day to exhibit all of the defects, non-conformities, and conditions described herein.

16. The defects, non-conformities and conditions experienced by the Plaintiff with his HERITAGE GLEN substantially impaired its use, value and safety.

17. Plaintiff notified the Defendant of the defects, non-conformities and conditions in the HERITAGE GLEN.

## VI.   Causes of Action

**COUNT 1:    VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

18.   Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

19.   Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

20.   Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

21.   The HERITAGE GLEN is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

22.   The warranties offered by the Defendant are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

23.   The actions of the Defendant in failing to tender the HERITAGE GLEN to the Plaintiff free of defects and refusing to repair or replace the defective HERITAGE GLEN constitutes a breach of the written and implied warranties covering the HERITAGE GLEN and hence a violation of the Magnuson-Moss Warranty Act.

24.   Plaintiff has performed all things agreed to and required of him under the warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

25.   As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has been damaged hereinabove in an amount in excess of $200,000.00 according to proof at trial.

26.   Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is

entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: BREACH OF EXPRESS WARRANTIES**

27. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

28. The Defendant failed to comply with its duties and obligations under its written warranty. Additionally, the warranty failed of its essential purpose.

29. The Defendant did not repair the defects and conditions herein within a reasonable number of attempts or time.

30. WHEREFORE, Plaintiff requests that the Court:

    a. Enter judgment against the Defendant for all diminution in value, actual, incidental and consequential damages to which Plaintiff is entitled;

    b. Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310 (d)(2); and

    c. Grant all other relief deemed just and appropriate.

**COUNT 3: BREACH OF IMPLIED WARRANTIES**

31. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs.

32. No supplier may disclaim or modify any implied warranty to a consumer with respect

-6-

to such consumer product if at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product. See 15 U.S.C. § 2308 (a).

33. The Defendant issued a written warranty to the Plaintiff at the time of sale which applies to the HERITAGE GLEN.

34. Any attempts to disclaim the implied warranty of merchantability by the Defendant invalid. See 15 U.S.C. § 2308 © ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law").

35. Because of its defects and repair history, the HERITAGE GLEN is not fit for its ordinary purpose of recreational vehicles.

36. The Defendant breached the implied warranty of merchantability to Plaintiff.

37. WHEREFORE, Plaintiff requests that the Court:

    a. Enter judgment against Summit RV for all diminution in value, actual, incidental and consequential damages to which Plaintiff is entitled;

    b. Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and

    c. Grant all other relief deemed just and appropriate.

**COUNT 4:   BREACH OF THE IMPLIED WARRANTY OF REDHIBITION**

38. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

39. The HERITAGE GLEN is a "thing" under La. Civil Code Articles 2520, et seq.

40. FOREST RIVER is a "manufacturer" under La. Civil Code Articles 2520, et seq.

41. PAW PAW CAMPER'S CITY is a "seller" under La. Civil Code Articles 2520, et

seq.

42. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

43. The defects described in the HERITAGE GLEN meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

44. Plaintiff has provided the Defendant sufficient notice and opportunity to repair his defective vehicle.

45. Plaintiff has performed each and every duty required of her under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

46. The hidden defects, non-conformities and conditions in the HERITAGE GLEN existed at the time of sale, but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the HERITAGE GLEN had she known of the defects prior to the sale.

47. Furthermore, the Defendant has failed to repair the HERITAGE GLEN which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

48. Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of attorney fees, costs and expenses, if Plaintiff prevails. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to

employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection here within.

### COUNT 4: UDAP LAW(S)

49. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

50. This claim is for violations of applicable Udap (Unfair and Deceptive Acts and Practices) law(s), i.e., the Mississippi Uniform Deceptive Trade Practices Act:  Mississippi Code § 75-24-1, et seq.; and/or violations of the Indiana Deceptive Consumer Sales Act, I.C.C. 24-5-0.5-1 et seq., by the manufacturer.

51. In the course of a consumer transaction involving the HERITAGE GLEN, the manufacturer represented that the subject of a consumer transaction had sponsorship and/or approval and/or performance characteristics and/or accessories and/or uses and/or benefits that it did not have.

52. In the course of a consumer transaction involving the HERITAGE GLEN, the Defendant represented that the subject of a consumer transaction was of a particular standard and/or quality and/or grade that it was not.

53. In the course of a consumer transaction involving the HERITAGE GLEN, the manufacturer represented that a consumer transaction involved or did not involve a warranty and/or a disclaimer of warranties and/or other rights and/or remedies and/or obligations that was false.

54. In the course of a consumer transaction involving the HERITAGE GLEN, the manufacturer knowingly took advantage of the inability of a consumer reasonably to protect his interests because of the consumer's inability to understand the language of an agreement.

55. In the course of a consumer transaction involving the vehicle, the Defendant required

the consumer to enter into a written warranty and/or another consumer transaction on terms the Defendant knew was substantially one-sided in favor of the Defendant.

56. In the course of a consumer transaction involving the HERITAGE GLEN, the Defendant violated applicable Udap law(s) in one or more of the following manners, among other things:

1. Representing that the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have;

2. Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not;

3. Representing that the transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false;

4. Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not;

5. Breach of Express and/or Implied Warranties;

6. Violation of the Magnuson Moss Warranty Act;

7. Violation of other consumer protection statute(s);

8. Failing to remedy defects in a warranted vehicle within a reasonable number of attempts;

9. Failing to remedy defects in a warranted vehicle within a reasonable amount of time;

10. Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and warranty transaction;

11. Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty transaction within a reasonable amount of time;

12. Including one or more unconscionable and/or unreasonable terms in the written warranty document(s);

13. Stalling and/or delaying the performance of a legal obligation;

14. Representing that defects have been repaired when in fact they were not;

15. Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not;

16. Soliciting a person to enter into a contract or agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement;

17. Refusing to recognize the rights of buyers under the Uniform Commercial Code when the only remedy afforded by its limited warranty failed of its purpose.

57. Plaintiff gave notice to the Defendant of its uncured abusive and/or unfair and/or deceptive and/or unconscionable acts or practices in violation of the applicable Udap law(s) and defendant failed to cure same in a timely manner. See Exhibit C.

58. As a result of the above, inter alia, the manufacturer committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts or practices in violation of the Udap law(s), before and/or during and/or after a consumer transaction between Plaintiff and a supplier in relation to the vehicle.

**VII.   Grounds for Tolling or Suspend Accrual of Limitations**

58. Plaintiff pleads the doctrine of equitable estoppel applies in this matter as the Defendant's actions prevented the Plaintiff from obtaining adequate knowledge to pursue his claims and, therefore, equity will toll the statute of limitations until equitable grounds cease to operate as

a reason for delay.

59.  Plaintiff affirmatively pleads that none of the causes of action have accrued because of the continuing-tort doctrine. Under this doctrine, if a Defendant commits a continuing tort, a cause of action never begins to accrue until the tortuous conduct ceases.

## VIII.  Prayer for Relief

60.  For these reasons, Plaintiff prays for judgment against the Defendant for the following:

a.  For general, special and actual damages according to proof at trial;

b   Rescinding the sale of the 2021 FOREST RIVER HERITAGE GLEN bearing VIN: 4X4FWBP26MV704413 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.  For incidental and consequential damages according to proof at trial;

d.  Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

e.  Any diminution in value of the HERITAGE GLEN attributable to the defects;

f.  Past and future economic losses;

g.  Non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.;

h.  Prejudgment and post-judgment interest;

I.  Attorney fees;

j.  Costs of suit, expert fees and litigation expenses; and

k.  All other relief this Honorable Court deems appropriate.

### IX. Demand for Jury Trial

61. Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF